Law Office
# Rhett O. Millsaps II

July 11, 2016

**VIA CM/ECF**

Honorable Denis R. Hurley
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY  11722

      Re:    *Great Minds v. FedEx Office and Print Services, Inc.*,
               Civil Action No. 2:16-cv-01462-DRH-ARL

Dear Judge Hurley,

      I represent plaintiff Great Minds. We are preparing our opposition, due on August 5, to the motion to dismiss filed by defendant Fedex Office and Print Services, Inc. ("FedEx"). As detailed in the parties' pre-motion letters filed with the Court, FedEx's motion to dismiss turns on the scope of a written license under which Great Minds makes available certain educational materials for noncommercial use by members of the public. Because Great Minds is confident that the terms of the license at issue are unambiguous in Great Minds' favor, Great Minds respectfully requests leave of the Court to file a cross-motion for partial summary judgment on this issue simultaneously with Great Minds' opposition to the motion to dismiss.

      Courts favor the course of action proposed here by Great Minds in the interest of efficiency and judicial economy. Federal Rule of Civil Procedure 56(b) "permits motions for summary judgment 'at any time until 30 days after the close of all discovery,'" and, in "appropriate circumstances, summary judgment may be granted prior to discovery." *Ali v. City of New York*, No. 11 Civ. 5469 (LAK), 2012 WL 3958154, *3 n. 10 (S.D.N.Y. Sept. 5, 2012) (quoting Rule 56(b)). *See Petito v. Puritan's Pride, Inc.*, 35 F.Supp.3d 494, 502 (S.D.N.Y. July 31, 2014) (permitting defendants to "file early summary judgment motions as to certain discrete issues"); *In re Puda Coal Securities Inc. Litigation*, No. 11 Civ. 2598(KBF), 2013 WL 5493007, *2 (S.D.N.Y. Oct. 1, 2013) ("…the Court specifically invited targeted discovery and an early summary judgment motion if any party believed that there was an efficient way to narrow the case or resolve certain issues"); *Skyline Steel, LLC v. PilePro, LLC*, 101 F. Supp. 3d 394, 399 (S.D.N.Y. 2015) (granting summary judgment after the court "granted [plaintiff] permission to file an early summary judgment motion…").

      Since the question of FedEx's liability in this case turns on the interpretation of the written license at issue, *see* Exhibit B attached to Great Minds' complaint, this issue is ripe for summary judgment. *See, e.g., Tucker Leasing Capital Corp. v. Marin Medical Management, Inc.*, 833 F. Supp. 948, 956 (E.D.N.Y. 1993) ("Where the intent of the parties can be determined from the face of the agreement, interpretation is a matter of law and the case is ripe for summary judgment"); *G5 Technologies, Inc. v. International Business Machines Corp.*, No. 04 Civ.1201

Hon. Denis R. Hurley
July 11, 2016
Page 2 of 2

DLC, 2005 WL 2271741, *9-10 (S.D.N.Y. Sept. 19, 2015) (granting summary judgment based on language of contract).

      Permitting Great Minds to move for partial summary judgment on this issue with its opposition to FedEx's motion to dismiss will maximize judicial economy and the efficient resolution of this case, as the Court already must analyze and rule on the terms of the written license to decide the motion to dismiss. If the Court's ruling does not bring a swift resolution of the case through settlement, resolving this issue at the outset will significantly narrow the issues for discovery and trial to the extent of FedEx's copying and a determination of Great Minds' damages.

                                        Sincerely,

                                        Rhett O. Millsaps II

cc:    Mark D. Taylor and Nicholas O. Kennedy (via CM/ECF)