**BAKER & McKENZIE**

Baker & McKenzie LLP
2300 Trammell Crow Center
2001 Ross Avenue
Dallas, Texas 75201
United States

Tel: +1 214 978 3000
Fax: +1 214 978 3099
www.bakermckenzie.com

**Asia Pacific**
Bangkok
Beijing
Hanoi
Ho Chi Minh City
Hong Kong
Jakarta*
Kuala Lumpur*
Manila*
Melbourne
Shanghai
Singapore
Sydney
Taipei
Tokyo

**Europe, Middle East & Africa**
Abu Dhabi
Almaty
Amsterdam
Antwerp
Bahrain
Baku
Barcelona
Berlin
Brussels
Budapest
Cairo
Doha
Dusseldorf
Frankfurt/Main
Geneva
Istanbul
Kyiv
London
Luxembourg
Madrid
Milan
Moscow
Munich
Paris
Prague
Riyadh
Rome
St. Petersburg
Stockholm
Vienna
Warsaw
Zurich

**Latin America**
Bogota
Brasilia*
Buenos Aires
Caracas
Guadalajara
Juarez
Mexico City
Monterrey
Porto Alegre*
Rio de Janeiro*
Santiago
Sao Paulo*
Tijuana
Valencia

**North America**
Chicago
Dallas
Houston
Miami
New York
Palo Alto
San Francisco
Toronto
Washington, DC

* Associated Firm

July 15, 2016

Honorable Denis R. Hurley
UNITED DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
100 Federal Plaza
Central Islip, NY 11722

Mark D. Taylor
Tel: +1 214 978 3089
mark.taylor@bakermckenzie.com

Via CM/ECF System

RE:   Index No. 2:16-cv-01462-DRH-ARL; *Great Minds v. FedEx Office and Print Services, Inc.*

Dear Judge Hurley:

We write in response to Plaintiff Great Minds' request in its July 11 letter for leave to file a motion for partial summary judgment.

As this Court is aware, FedEx Office has filed a motion to dismiss that it believes will dispose of this matter in its entirety. There is no reason to increase the expense of this meritless matter with additional briefing while this dispositive motion is pending. If Great Minds survives the motion to dismiss, there will be ample opportunity to file a motion for summary judgment. This Court should therefore reject Great Minds' request to file a motion for summary judgment or, at a minimum, defer that request until a decision on the pending motion to dismiss.

No discovery has been conducted in this case. The parties have not even held a Rule 26(f) conference to discuss case scheduling. Great Minds nevertheless seeks to file a motion for partial summary judgment in this case it filed just months ago. Great Minds, however, failed to describe the basis of its proposed motion in its letter as required by this Court's Individual Practice Rules. Instead, it vaguely claims that its proposed motion relates to interpretation of the license. This lack of specificity prevents FedEx Office from fully responding to the proposed motion in this letter. For that reason alone, Great Minds' request should be denied.

In any event, it is clear that a motion for summary judgment by Great Minds would be doomed to fail. "A properly plead copyright infringement complaint must allege 1) which specific original works are the subject of the copyright claim, 2) that plaintiff owns the copyrights in those works, 3) that the copyrights have been registered in accordance with the statute, and 4) by what acts during what time defendant infringed the copyright." *Kelly v. L.L. Cool J.*, 145 F.R.D. 32, 36 (S.D.N.Y. 1992).

Great Minds has not met this standard. While Great Minds has alleged that it owns certain copyrights, Great Minds has not alleged 1) which specific works it claims were infringed; or 2) what exactly it claims FedEx Office allegedly did, and when those alleged actions infringed Great Minds' copyrights. Because Great Minds has not even made allegations sufficient to survive a motion to dismiss, it certainly cannot provide the evidence it needs to win summary judgment. Leave to file should be denied.

Baker & McKenzie LLP is a member of Baker & McKenzie International, a Swiss Verein.

**BAKER & McKENZIE**

Great Minds' proposed motion for summary judgment is also destined to fail for the reasons explained in FedEx Office's pending motion to dismiss. A brief summary of that argument is set forth below.

The law is clear that FedEx Office may make reproductions for licensee school districts to assist those school districts in exercising their reproduction rights under the License. "When … there is no indication that a license-granting copyright owner has restricted the licensee's ability to use third parties in implementing the license, the license is generally construed to allow such delegation." *Estate of Hevia v. Portrio Corp.*, 602 F.3d 34, 44-45 (1st Cir. 2010) (rejecting infringement claim based on third-party's use because activities were delegated by licensee). As a result, the "enlistment of third parties does not transmogrify a non-infringing use into an infringing use." *Id.* at 44; *see also, e.g., Hogan Sys. v. Cybresource Int'l, Inc.*, 158 F.3d 319, 324 (5th Cir. 1998) (rejecting infringement claim because third party's activities were in support of licensee: "what Norwest could itself do under the License, Norwest may use a contractor to do"); *Womack + Hampton Architects, LLC v. Metric Holdings Ltd.*, 102 Fed. App'x 374, 382 (5th Cir. 2004).

The License attached to Great Minds' complaint contains no limitation on the right of licensee school districts to enlist the help of third-parties like FedEx Office. FedEx Office may thus "step into the shoes" of its customers and carry out the reproduction rights granted by the license. "In cases where only the scope of the license is at issue, it is the copyright owner's burden to prove that defendant's usage was unauthorized." *Spinelli v. NFL*, 96 F. Supp. 3d 81, 122 (S.D.N.Y. 2015). Great Minds cannot meet its burden. Because FedEx Office is acting within the scope of the License granted to its customers, this case must be dismissed. And because it must be dismissed, allowing a motion for summary judgment at this stage would be wasteful.

While FedEx Office strongly believes this is the correct interpretation of the License, it recognizes that the Court will decide this issue in ruling on the pending motion to dismiss. If FedEx Office is right, this case will be dismissed and the cost and expense of a motion for summary judgment will be avoided. If FedEx Office is wrong, the Court will have provided valuable guidance on the terms of the License. Great Minds can then file its contemplated motion for summary judgment, or the case may resolve itself. This is the traditional method in which a case like this progresses. And this is the most efficient avenue for resolution of this dispute.

Great Minds articulates no reason why this case should deviate from standard practice. There is no urgency, nor is there any reason necessitating an expedited ruling in this undeveloped case. More likely, this is a misguided attempt by Great Minds to increase the cost of this action in order to extract a nuisance settlement before its case is dismissed. Great Minds should not be allowed to file a misguided motion for summary judgment in an attempt to coerce FedEx Office into an unjustified settlement.

BAKER & McKENZIE

FedEx Office's motion to dismiss is pending and likely to resolve this case in its entirety. If it does not, Great Minds will have ample opportunity to file its contemplated, but unexplained, motion for summary judgment. Judicial economy and efficiency counsel against entertaining an additional motion likely to be mooted by FedEx Office's pending dispositive motion. Accordingly, FedEx Office respectfully requests that the Court deny Great Minds' request to file a motion for summary judgment or, at a minimum, defer ruling on this request until after the resolution of FedEx Office's motion to dismiss.

We appreciate the Court's attention to this matter.

Sincerely,

Mark D. Taylor

cc: Rhett O. Millsaps (via CM/ECF System); Nicholas O. Kennedy (of the firm)