UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| GREAT MINDS,<br><br>　　　　　　Plaintiff,<br><br>　　　　-against-<br><br>FEDEX OFFICE AND PRINT SERVICES, INC.,<br><br>　　　　　　Defendant. | INDEX NO.  2:16-cv-01462-DRH-ARL<br><br>ECF CASE<br><br>**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS** |

BAKER & McKENZIE LLP
Mark D. Taylor (*pro hac vice*)
mark.taylor@bakermckenzie.com
Nicholas O. Kennedy (*pro hac vice*)
nicholas.kennedy@bakermckenzie.com
2300 Trammell Crow Center
2001 Ross Avenue
Dallas, TX  75201
Telephone:  +1 214 978 3000
Facsimile:  +1 214 978 3099

**Attorneys for Defendant**
**FedEx Office and Print Services, Inc.**

July 1, 2016

Defendant FedEx Office and Print Services, Inc. ("FedEx Office") respectfully submits this Memorandum of Law in Support of its Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and this Court's order dated June 6, 2016 and requests that this case be dismissed with prejudice.

## I.   INTRODUCTION

This case results from Plaintiff Great Minds' effort to stretch the Copyright Act and misapply the license it grants for free to anyone who asks. The Complaint rests upon the mistaken premise that the school districts that Great Minds *explicitly licenses* to reproduce its materials for educational use may not enlist FedEx Office to make those reproductions on their behalf. This tortured logic should be rejected. The law is clear that a licensee may enlist others to help it perform licensed activities. FedEx Office is doing just that. There is therefore no infringement and this case must be dismissed.

## II.   STATEMENT OF FACTUAL ALLEGATIONS

Great Minds produces educational materials used by school districts across the country (the "Licensed Materials"). Complaint (Dkt. No. 1) ¶ 9. Great Minds admits that it makes the Licensed Materials available to those school districts, and "any member of the public," for free, provided that the Licensed Materials are used for educational or other non-commercial purposes. Compl. ¶ 12.

To facilitate this, Great Minds has adopted a version of the generic "Creative Commons Attribution- Non Commercial- Share Alike 4.0 International Public License," authored by third-party Creative Commons (the "License"). *See* Compl. Ex. B (Dkt. No. 1-4). Although Great Minds alleges that it "makes the [Licensed] Materials available … under [the License]," it does not explain how the License is offered to, or how it can be found by, prospective licensees. *See*

Compl. ¶ 12.  Great Minds does not allege that FedEx Office is a party to the License.  *See generally*, Complaint.

The License twice authorizes the right of reproduction of the Licensed Materials.  First, the License allows school districts and other licensees to "<u>reproduce</u> and Share the Licensed Material, in whole or in part, for NonCommercial purposes."  License § 2(a)(1)(A) (emphasis added); Compl. ¶ 12.  A right of reproduction is again granted by the License's definition of "Share," which includes "reproduction" of the Licensed Materials.  License § 1(l).  This makes sense, of course, because the Licensed Materials must be reproduced and distributed by teachers to students in order to have any value.

The License does not limit its grant of the reproduction right to the licensee school districts, by, for example, requiring that copying be made personally by the licensee school districts.  *See generally*, License.  The License similarly does not prohibit the licensee school districts from delegating portions of licensed activities, such as reproduction, to others.  *See generally*, License.  Instead, the License is limited only by the restriction that the use of the Licensed Materials must be "NonCommercial."  License § 2(a)(1)(A); Compl. ¶ 12.  Notably, it is each individual school district using the materials, not FedEx Office, that is a party to the License.  *See* Compl. ¶ 12.  The school districts' educational use indisputably meets the "NonCommercial"-requirement under the License.  *See* Compl. ¶ 12.

FedEx Office assists school districts, at the school districts' request, in making copies of the Licensed Materials to enable the use of those materials by school districts under the License.  Compl. ¶¶ 12, 14.  Tellingly, Great Minds does not allege that the Licensed Materials are used by the school districts for anything but educational purposes, or that the school districts' use of the Licensed Material is not "NonCommercial."  To the contrary, the Complaint admits that the

Licensed Materials are used for the school districts' "non-commercial, educational benefit" and that the licensee school districts may "freely share, <u>reproduce</u>, and use the [Licensed] Materials" in pursuit of that purpose. Compl. ¶ 12.

Despite acknowledging that 1) the school districts are acting within their rights under the License; and 2) FedEx Office's activities are carried out "at the request of" those licensee school districts, Great Minds accuses FedEx Office of "willful and blatant infringement" of its copyrights. Compl. ¶¶ 1, 12, 14. In support, Great Minds identifies two instances where it claims that FedEx Office reproduced the Licensed Materials at the request of a customer. *See* Compl. ¶¶ 16, 19. Great Minds claims that this constituted infringement because the License requires that "commercial print shops, like FedEx [Office], negotiate a license and pay a royalty to Great Minds if they wish to reproduce the [Licensed] Materials for commercial purposes – *i.e.* for their own profit – at the request of their customers." Compl. ¶ 14. This assertion of a (mistaken) legal conclusion ignores Great Minds' prior admissions that the customers requesting the services were validly exercising their licensed rights. *See* Compl. ¶ 12.

After receiving a demand letter from Great Minds, FedEx Office explained that it did nothing more than assist licensee school districts in exercising their rights under the License. *See* Compl. ¶¶ 17-18. FedEx Office further explained that such assistance is authorized by well-established law. *See Id.* Great Minds ignored the clear authority put forth by FedEx Office and filed this lawsuit nearly four months later, after another letter and phone call rehashing its refuted claim. *See* Compl. ¶¶ 20-21.

### III.    ARGUMENTS AND AUTHORITIES

**A.    Legal Standard**

To survive dismissal, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 663

(2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This requires that "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663 (quoting *Twombly*, 550 U.S. at 556). In other words, the factual allegations must "possess enough heft to show that the pleader is entitled to relief." *Twombly*, 550 U.S. at 557 (internal quotation marks omitted).

"It is well established that use of a copyrighted work within the scope of a valid license is non-infringing as a matter of law." *Spinelli v. NFL*, 96 F. Supp. 3d 81, 128 (S.D.N.Y. 2015) (citing *Grahm v. James*, 144 F.3d 229, 236 (2d Cir. 1998)); *see also Womack + Hampton Architects, LLC v. Metric Holdings Ltd.*, 102 Fed. App'x 374, 382 (5th Cir. 2004) (rejecting finding that third party's actions were within scope of license: "[u]se consistent with a license is a defense to an infringement claim"). Great Minds' copyright claim must therefore be dismissed unless it alleges facts establishing that FedEx Office's actions on behalf of the licensee school districts were not authorized by the License. *See Spinelli*, 96 F. Supp. 3d at 130-31 (granting motion to dismiss copyright infringement claims, including claim against sub-licensees, because alleged infringement was within the scope of licenses); *Jinjit, Ltd. v. Jovani Fashion, Ltd.*, No. 14-CV-2585 (DAB), 2016 U.S. Dist. LEXIS 44863, at *27-30 (S.D.N.Y. March 30, 2016) (granting motion to dismiss copyright infringement claim because of valid license).

B.     **The Law Allows Licensee School Districts to Enlist the Assistance of Third Parties Like FedEx Office**

The law is clear that FedEx Office may perform tasks for licensee school districts to assist those school districts in exercising their rights under the License. "When … there is no indication that a license-granting copyright owner has restricted the licensee's ability to use third parties in implementing the license, the license is generally construed to allow such delegation."

*Estate of Hevia v. Portrio Corp.*, 602 F.3d 34, 44-45 (1st Cir. 2010) (rejecting infringement claim based on third-party's use because activities were delegated by licensee). As a result, the "enlistment of third parties does not transmogrify a non-infringing use into an infringing use." *Id.* at 44; *see also*, *e.g.*, *Hogan Sys. v. Cybresource Int'l, Inc.*, 158 F.3d 319, 324 (5th Cir. 1998) (rejecting infringement claim because third party's activities were in support of licensee: "what Norwest could itself do under the License, Norwest may use a contractor to do"); *Womack + Hampton*, 102 Fed. App'x at 382.

This principle is aptly demonstrated by the Seventh Circuit's opinion in *Raybestos*, where the court held that once a licensee "secured the rights to duplicate the [copyrighted] designs … it could hire another party … if [Licensee] lacked the tools or skills to do so itself." *Automation by Design, Inc. v. Raybestos Prods. Co.*, 463 F.3d 749, 757 (7th Cir. 2006). In *Raybestos*, a machine designer licensed design plans for the construction of a machine to a manufacturer. *Id.* at 751-52. After Licensee hired a sub-contractor to build the machine based on the licensed plans, Licensor sued both for copyright infringement. *Id.* at 756-57.

The Seventh Circuit concluded there was no infringement. *Id.* at 758. The court first explained that it was irrelevant whether Contractor was legally an agent or independent contractor of Licensee—the key factor was that "[Licensee] hired [Contractor] to act for or in place of itself, as a representative." *Id.* at 757. In other words, "[Licensee] simply hired [Contractor] to act in [Licensee's] stead- using the design to create a machine that it likely did not have the capacity to create on its own." *Id.*

To drive this point home, the court analogized to a licensee taking a licensed product to Kinko's (FedEx Office's corporate predecessor) for reproduction. As the court explained:

> To see that [Licensee] had the right to use the designs in this manner **we need only look to a more clear-cut example**. Take,

> for instance, [Licensee's] right to duplicate the designs. All parties agree that this language clearly allowed [Licensee] to make photocopies of the designs. If, however, [Licensee] lacked the capacity to photocopy the designs on sight (sic) (if, for example, the designs were to (sic) large for an ordinary paper copier or needed to be reproduced in color), **[Licensee] could certainly take the designs to a Kinko's photocopy shop to have them copied.** Similarly, if it lacked the capacity to manufacture parts on its own, **it had the right to hire another to do so in its stead**. It is true, as the dissent points out, that [Contractor] benefitted from having the designs. It benefitted in part, however, in the same way that Kinko's might benefit from being awarded a photo-copy job.

*Id.* at 757 (emphases added).

The hypothetical "clear cut example" put forth by the Seventh Circuit to justify its result is no longer hypothetical. *Id.* at 757. This case presents the exact same situation—right down to the enlisting by the licensee school districts of Kinko's (as FedEx Office was previously known) to make the copies they could not make on their own. Great Minds' claims should fare no better than those of the licensor in *Raybestos*. Great Minds' own allegations make clear that 1) FedEx Office performs the requested services "at the request of" licensee school districts (Compl. ¶¶ 12, 14); and 2) the licensee school districts' use of the Licensed Materials, including reproduction, are within the scope of the License (Compl. ¶ 12). Just as the licensee in *Raybestos* was entitled to hire the contractor to help it carry out licensed tasks, so too are the school districts entitled to hire FedEx Office to reproduce the Licensed Materials on their behalf.

If Great Minds intended to limit the licensee school districts' right to enlist others to assist in reproduction, it should have done so in the License. "The licensor who argues that there should be an exception or deviation from the meaning reasonably conveyed by the language of a license loses, because he or she 'should bear the burden of negotiating for language that would express the limitation or deviation.'" *Spinelli*, 96 F. Supp. 3d at 122 (quoting *Boosey & Hawkes Music Publishers, Ltd. v. Walt Disney Co.*, 145 F.3d 481, 487 (2d Cir. 1998)). The terms of the

License are unambiguous and reflect no intent by Great Minds to prevent delegation. As a result, Great Minds must be held to those unambiguous terms and the general rule allowing delegation of licensed activities should apply. *See Hogan*, 158 F.3d at 323 (concluding that if licensor wanted to prevent delegation of rights under license, "it should state this intent"); *Spinelli*, 96 F. Supp. 3d at 122 (stating that if plaintiffs wanted to vary the default rule allowing sublicenses, "such a term should have been negotiated and included explicitly").

FedEx Office's activities on behalf of licensee school districts are covered by the License and do not constitute copyright infringement.[1] The Complaint should be dismissed.

### C. This Case Should Be Dismissed With Prejudice With An Award Of Attorney's Fees To FedEx Office

#### 1. Amendment Would Be Futile

"A district court has discretion to deny leave for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." *Nightingale Grp., LLC v. Cw Capital Mgmt.*, No. 11 Civ. 9293 (PAE), 2012 U.S. Dist. LEXIS 93197, at *37 (S.D.N.Y. July 5, 2012) (citing *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200-01 (2d Cir. 2007)). Amendment is futile when an amended complaint would fail to state a claim on which relief could be granted. *Id.* In other words, "[w]here it appears that granting leave to amend is unlikely to be productive…it is not an abuse of discretion to deny leave to amend." *Id.* at 38 (citing *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993).

---

[1] Great Minds does not allege that FedEx Office, as distinct from the school districts, is a party to the License. Even if it did, that argument must fail. The mere offer of an agreement by Great Minds of a license agreement to the public at large does not bind FedEx Office. FedEx Office must take some affirmative action, beyond mere reproduction of the Licensed Materials provided to it by licensee school districts, to "manifest assent to such a license agreement." *See Specht v. Netscape Commc'ns, Corp.*, 150 F. Supp. 2d 585, 595 (S.D.N.Y. 2001); *see also Estate of Hevia*, 602 F.2d at 41 (explaining that "implied licenses are found only in narrow circumstances" and that "[t]he touchstone to grant an implied license is intent. We ask whether the totality of the parties' conduct indicates an intent to grant such permission").

Allowing Great Minds to amend would be futile. The law is clear that FedEx Office can assist licensee school districts in exercising their rights under the License and no additional facts can change that. This is not a matter of insufficient factual support for Great Minds' allegations that can be cured by providing additional factual support. Instead, it is a case of a flawed legal theory that simply cannot prevail.

### 2. FedEx Office Is Entitled to Attorney's Fees For The Defense Of This Objectively Unreasonable Action

The Copyright Act authorizes "the court in its discretion [to]…award a reasonable attorney's fee to the prevailing party." 17 U.S.C. § 505; *see Mahan v. Roc Nation, LLC*, 14 Civ. 5075 (LGS), 2015 U.S. Dist. LEXIS 93349, at *2 (S.D.N.Y. July 17, 2015) (citing *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 (1994). When awarding fees, "[p]revailing plaintiffs and prevailing defendants are to be treated alike." *Fogerty*, 510 U.S. at 534.

A fee award is governed by several factors, including "frivolousness, motivation, objective unreasonableness (both in factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *Roc Nation*, 2015 U.S. Dist. LEXIS 93349 at *2-3 (citing *Fogerty*, 510 U.S. at 534 n. 19). The objective reasonableness (or in this case unreasonableness) of the claims asserted is the most important. *Id.* at 3 (citing *Bryant v. Media Right Prods., Inc.*, 603 F.3d 135, 144 (2d Cir. 2010).

FedEx Office is entitled to attorney's fees because Great Minds' claim is objectively unreasonable. As explained above, the law is clear that there can be no liability for FedEx Office's assistance to licensee school districts in performing licensed reproduction. FedEx Office explained this to Great Minds in a letter dated December 15, 2015, and again in a March phone call. *See* Compl. ¶¶ 18, 21. Great Minds nevertheless filed this lawsuit.

Persisting in the face of this clear law was objectively unreasonable. An award of fees is therefore justified. *See Hogan*, 158 F.3d at 325-26 (affirming grant of attorney fees to prevailing defendant in a copyright infringement action based on the delegation of licensed activities to a contractor); *see also Vargas v. Pfizer Inc.*, 352 Fed. Appx. 458, 460 (2d Cir. N.Y. 2009) (affirming grant of attorney fees to prevailing defendant when plaintiff's claims were objectively unreasonable).

## IV. CONCLUSION

For the reasons stated above, FedEx Office respectfully requests that the Court dismiss all claims against it with prejudice and award FedEx Office the costs and reasonable attorney's fees incurred in defense of this action, along with all other relief to which FedEx Office is justly entitled.

Dated: July 1, 2016

Respectfully submitted,

BAKER & McKENZIE LLP

By: */s/ Mark D. Taylor*
Mark D. Taylor (*pro hac vice*)
mark.taylor@bakermckenzie.com
Nicholas O. Kennedy (*pro hac vice*)
nicholas.kennedy@bakermckenzie.com

2300 Trammell Crow Center
2001 Ross Avenue
Dallas, TX 75201
Telephone: +1 214 978 3000
Facsimile: +1 214 978 3099

**Attorneys for Defendant
FedEx Office and Print Services, Inc.**

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 1, 2016, I caused a true and correct copy of the above and foregoing **Defendant's Memorandum of Law in Support of its Motion to Dismiss** to be served via email and U.S. Mail on:

>Rhett O. Millsaps II
>Rhett@rhettmillsaps.com
>LAW OFFICE OF RHETT O. MILLSAPS II
>745 Fifth Avenue, Suite 500
>New York, NY  10151

>> */s/ Nicholas O. Kennedy*
>> Nicholas O. Kennedy