**BAKER & MCKENZIE**

Baker & McKenzie LLP
2300 Trammell Crow Center
2001 Ross Avenue
Dallas, Texas 75201
United States

Tel: +1 214 978 3000
Fax: +1 214 978 3099
www.bakermckenzie.com

Mark D. Taylor
Tel: +1 214 978 3089
mark.taylor@bakermckenzie.com

Via CM/ECF System

**Asia Pacific**
Bangkok
Beijing
Hanoi
Ho Chi Minh City
Hong Kong
Jakarta*
Kuala Lumpur*
Manila*
Melbourne
Shanghai
Singapore
Sydney
Taipei
Tokyo

**Europe, Middle East & Africa**
Abu Dhabi
Almaty
Amsterdam
Antwerp
Bahrain
Baku
Barcelona
Berlin
Brussels
Budapest
Cairo
Doha
Dusseldorf
Frankfurt/Main
Geneva
Istanbul
Kyiv
London
Luxembourg
Madrid
Milan
Moscow
Munich
Paris
Prague
Riyadh
Rome
St. Petersburg
Stockholm
Vienna
Warsaw
Zurich

**Latin America**
Bogota
Brasilia*
Buenos Aires
Caracas
Guadalajara
Juarez
Mexico City
Monterrey
Porto Alegre*
Rio de Janeiro*
Santiago
Sao Paulo*
Tijuana
Valencia

**North America**
Chicago
Dallas
Houston
Miami
New York
Palo Alto
San Francisco
Toronto
Washington, DC

* Associated Firm

September 15, 2016

Honorable Denis R. Hurley
UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
100 Federal Plaza
Central Islip, NY 11722

RE:   Index No. 2:16-cv-01462-DRH-ARL; *Great Minds v. FedEx Office and Print Services, Inc.*

Dear Judge Hurley:

We write on behalf of Defendant FedEx Office and Print Services, Inc. ("FedEx Office") in support of Creative Commons Corporation's ("Creative Commons") request to file a motion for leave to submit an *amicus* brief. *See* ECF No. 20.

FedEx Office strongly urges this Court to allow the filing and consideration of Creative Commons' proposed *amicus* brief. FedEx Office agrees with Creative Commons' arguments and reasoning. FedEx Office also notes that Creative Commons is uniquely situated to provide its perspective and that its input is highly likely to assist this Court. Creative Commons is the drafter of the NonCommercial – Share Alike 4.0 International Public License (the "License") at issue in this case. It therefore has unique information and a unique perspective regarding the License and an interest that may be affected by the decision in this litigation.

"District courts have broad discretion in deciding whether to accept *amicus* briefs." *Jamaica Hosp. Med. Ctr., Inc. v. United Health Grp., Inc.*, 584 F. Supp. 2d 489, 497 (E.D.N.Y. 2008) (citing *Concerned Area Residents for the Environ. v. Southview Farm*, 834 F. Supp. 1410, 1413 (W.D.N.Y. 1993)). "An *amicus* brief should normally be allowed when…the *amicus* has an interest in some other case that may be affected by the decision in the present case…or when the *amicus* has unique information or perspective that can help the court beyond the help that lawyers for the parties are able to provide." *Andersen v. Leavitt*, 2007 U.S. Dist. LEXIS 59108, *6 (E.D.N.Y. Aug. 13, 2007) (quoting *Ryan v. CFTC*, 125 F.3d 1062, 1063 (7th Cir. 1997) (emphasis added)).

Creative Commons easily meets this standard. First, its interest could not be greater. As reflected in Creative Commons' letter, it has deployed similar licenses for more than 1.1 billion works, 14 percent of which are governed by the specific license at issue here. In other words, the outcome of this case could affect the interpretation of roughly 154 million licenses issued by Creative Commons. It is hard to conceive of a more staggering and wide-ranging impact.

Creative Commons can similarly provide unique information to assist this Court in its decision on the pending Motion to Dismiss. As drafters of the License, Creative Commons is in the best position to interpret the License. Certainly, Creative Commons

Baker & McKenzie LLP is a member of Baker & McKenzie International, a Swiss Verein.

BAKER & MCKENZIE

has studied the License in-depth and should provide an authoritative voice on what it means.[1] As explained in its letter, Creative Commons also has a unique perspective on the policy impact of this Court's decision. This perspective is particularly important here where Great Minds has raised misguided policy arguments in support of its interpretation. *See* Resp. to Mot. to Dismiss (ECF No. 15-2) at 16-18. As explained by *Anderson*, allowing an *amicus* brief is appropriate when the proposed *amicus* has "information and expertise in both the legal and policy implications of the issue at hand." *See Anderson*, 2007 U.S. Dist. LEXIS 59108 at *9.

*********

There can be no real dispute that Creative Commons has an interest in this litigation. Nor can there be any dispute that Creative Commons has a unique perspective that will assist this Court to resolve the pending Motion to Dismiss. Finally, Great Minds will not be prejudiced by allowing the *amicus* filing because there is no surprise. Great Minds has had an opportunity to respond to Creative Commons' letter and address the arguments Creative Commons intends to present. Accordingly, FedEx Office respectfully requests that this Court grant Creative Commons' request to submit an *amicus* brief.

Sincerely,

Mark D. Taylor

cc: Rhett O. Millsaps (via CM/ECF System); Nicholas O. Kennedy (of the firm)

---

[1] Notably, Creative Commons does not seek to submit extrinsic evidence (i.e. a declaration). Instead, it seeks to submit a *legal brief* putting forth its own interpretation of the contract. This is entirely appropriate for the Court's consideration on a motion to dismiss. As the drafter of the contract at issue, Creative Commons surely has a unique and authoritative perspective on and understanding of its legal effect.