Law Office
# Rhett O. Millsaps II

**VIA CM/ECF**                                                          September 15, 2016

Honorable Denis R. Hurley
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY  11722

      Re:  *Great Minds v. FedEx Office and Print Services, Inc.*,
            Civil Action No. 2:16-cv-01462-DRH-ARL

Dear Judge Hurley,

      I write on behalf of plaintiff Great Minds in response to the pre-motion letter submitted by Creative Commons Corporation on August 30, 2016 (Dkt. 20, the "CC Letter") seeking leave to file an *amicus* brief supporting defendant's motion to dismiss. Because Creative Commons' proposed brief would be unhelpful to the Court, as a matter of law, in deciding the motion to dismiss, and because the parties are adequately represented and fully capable of arguing the merits of the motion (as they have done in their submissions on the motion), the Court should deny Creative Commons leave to file the proposed brief.

      Courts generally apply principles of contract law in the construction of copyright licenses. *See Bourne*, 68 F.3d at 628-29 (2d Cir. 1995); *Leutwyler v. Royal Hashemite Court of Jordan*, 184 F. Supp. 2d 303, 306 (S.D.N.Y. 2001). Where "the language of the contract is unambiguous and conveys a definite meaning, then the interpretation of the contract is a question of law for the court." *Bourne*, 68 F.3d at 629 (internal quotation marks and citation omitted). "Alternatively, where the language used is susceptible to differing interpretations, each of which may be said to be as reasonable as another, then the interpretation of the contract becomes a question of fact for the jury." *Id.* (internal quotation marks and citation omitted). *See also Levitin v. Sony Music Entertainment*, 101 F. Supp. 3d 376, 387-88 (S.D.N.Y. 2015) (denying motion to dismiss copyright claims where defendants' "reading of the [licenses was] but one possible reading of the[] agreements," and "Plaintiffs [had] suggested, and the Court [found] reasonable, alternative interpretations of the[] contracts"); *Leutwyler*, 184 F. Supp. 2d at 306-307 (denying motion to dismiss copyright claims where plaintiff argued that readings of the license at issue other than that urged by defendants were "possible, and were actually intended").

      Accordingly, defendant FedEx Office and Print Services, Inc. ("FedEx Office") can succeed on its motion to dismiss Great Minds' complaint as a matter of law only if the terms of the written license at issue here are unambiguous in FedEx Office's favor – *i.e.*, if the plain language of the license unambiguously permits FedEx Office to reproduce, for its own profit, Great Minds' materials subject to the license. *See Agence France Presse v. Morel*, 769 F. Supp. 2d 295, 303 (S.D.N.Y. 2011) (denying motion to dismiss based on terms of Twitter's written license because "[a]lthough courts may find a license on a motion to dismiss where '[t]he terms of the governing contracts are clear,' Twitter's terms of service [did] not meet that standard") (internal citation omitted).

Hon. Denis R. Hurley
September 15, 2016
Page 2 of 3

Creative Commons seeks leave to submit an *amicus* brief to argue that "Great Minds' understanding of the 'NonCommercial' limitation has the potential to impact the use and reuse of all other works licensed under the same terms, would thwart the purpose of the CC BY-NC-SA 4.0 license, contradict its plain language, and impede the public policy goals the license otherwise serves." CC Letter at 2. But if the plain language of the license unambiguously favors FedEx Office in this case – the only scenario in which FedEx Office can succeed on its motion to dismiss – then Creative Commons' *amicus* brief would be redundant and unhelpful to the Court. Indeed, Creative Commons' letter demonstrates that it does not bring any novel argument or unique perspective to the interpretation of the plain language of the license on its face, as Creative Commons simply proposes to rehash the same argument, citing the same cases, already put forward by FedEx Office. *See* CC Letter at 3 (citing *Hogan Sys., Inc. v. Cybersource Int'l, Inc.*, 158 F.3d 319, 324 (5th Cir. 1998), and *Estate of Hevia v. Portrio Corp.*, 602 F.3d 34, 44-45 (1st Cir. 2010), to argue that FedEx Office's activities are permissible because the license does not preclude delegation on its face); Dkt 15-1 (Defendant's Memorandum of Law in Support of Its Motion to Dismiss) at 4-7 (citing *Hogan Sys.* and *Estate of Hevia*, among others, and making the same argument); Dkt 15-3 (Defendant's Reply in Support of Its Motion to Dismiss) at 1-7 (citing again *Hogan Sys.* and *Estate of Hevia*, among others, and reiterating the same argument).

More importantly, if the Court determines that the terms of the license are unambiguous in either party's favor, it must do so based on the four corners of the license without resort to extrinsic evidence, such as Creative Commons' now-expressed intent or purpose in originally drafting the license.[1] *See Law Debenture Trust Co. of New York v. Maverick Tube Corp.*, 595 F.3d 458, 466 (2d Cir. 2010) ("'[e]xtrinsic evidence of the parties' intent may be considered only if the agreement is ambiguous" (quoting *Greenfield v. Philles Records, Inc.*, 98 N.Y.2d 562, 569 (2002)); *RJE Corp. v. Northville Indus. Corp.*, 329 F.3d 310, 314 (2d Cir. 2003) ("Where a contract is clear and unambiguous on its face, the intent of the parties must be gleaned from within the four corners of the instrument, and not from extrinsic evidence."); *Slamow v. Del Col*, 79 N.Y.2d 1016, 1018 (N.Y. 1992) ("The best evidence of what parties to a written agreement intend is what they say in their writing."); *Caruso v. Ward*, 146 A.D.2d 22, 31 (1st Dep't 1989) It is a "basic principle of contract interpretation that the intention of the parties as it existed at the time the contract was executed ... must control rather than any subsequent intention tailored to complement an individual's posture once an agreement has gone sour.") (internal quotations omitted and alteration in original).

Thus, the Court may consider the extrinsic evidence that Creative Commons seeks to introduce – including evidence of the "potential…impact [on] the use and reuse of all other works licensed under the same terms," the alleged purpose of the license, or the public policy goals that Creative Commons asserts that the license serves, CC Letter at 2 – only if the Court determines that the license terms are ambiguous. But if the Court determines that the license terms are ambiguous, then it must deny FedEx Office's motion to dismiss and allow the jury to

---

[1] Great Minds contends that the plain language of the license is unambiguous in Great Minds' favor and plainly prohibits FedEx Office's commercial reproduction of Great Minds' *Eureka Math* materials solely or primarily for FedEx Office's own profit. *See* Dkt 15-2 at 6-10.

2

weigh the evidence and decide the issue.[2] *See Bourne*, 68 F.3d at 629; *Morel*, 769 F. Supp. 2d at 303; *Levitin*, 101 F. Supp. at 387-88; *Leutwyler*, 184 F. Supp. 2d at 306-307.

For these reasons, it would be improper for the Court to rely on Creative Commons' proposed *amicus* brief whether the Court were inclined to grant or deny FedEx Office's motion to dismiss. In either case, Creative Commons' proposed brief would be unhelpful to the Court on this motion. While it is true that district courts have "broad discretion in deciding whether to accept *amicus* briefs," the "circumstances under which an *amicus* brief is considered 'desirable' are limited…" *Jamaica Hosp. Medical Center, Inc. v. United Health Group, Inc.*, 584 F. Supp. 2d 489, 497 (E.D.N.Y. 2008) (denying leave to file *amicus* brief). As the *Jamaica Hosp*. court explained:

> An *amicus* brief should normally be allowed when a party is not represented competently or is not represented at all, when the *amicus* has an interest in some other case that may be affected by the decision in the present case ... or when the *amicus* has unique information or perspective that can help the court beyond the help that lawyers for the parties are able to provide. Otherwise, leave to file an *amicus* brief should be denied.

*Id*. (quoting *Citizens Against Casino Gambling in Erie County v. Kempthorne*, 471 F.Supp.2d 295 (W.D.N.Y.2007) (quoting *Ryan v. Commodity Futures Trading Comm'n*, 125 F.3d 1062–3 (7th Cir. 1997) (Posner, J.))).

FedEx Office is more than competently represented in this case.[3] Creative Commons has identified no other pending case in which it has an interest that may be affected by the decision in the present case. And Creative Commons does not have unique information or perspective that can help the Court decide FedEx Office's motion to dismiss because the information that Creative Commons seeks to introduce is not relevant or proper to consider in deciding the motion to dismiss, as explained above. Accordingly, the Court should deny Creative Commons leave to file its proposed *amicus* brief. *See Long Island Soundkeeper Fund, Inc. v. New York Athletic Club of City of New York*, No. 94 Civ. 0436 (RPP), 1995 WL 358777, *1-2 (S.D.N.Y. June 14, 1995) (denying leave to file proposed *amicus* brief because the information included in the brief was not "relevant in the Court's determination of the motions at hand" and "the parties [were] adequately and competently represented in [the] case").

Sincerely,

Rhett O. Millsaps II

cc:   All Counsel of Record (via CM/ECF)

---

[2] Should the Court deny FedEx Office's motion to dismiss, the parties will have ample opportunity to seek third-party discovery from Creative Commons (and others) to obtain the information and address the issues that Creative Commons improperly seeks to interject at this early stage of the case.

[3] According to https://en.wikipedia.org/wiki/Baker_%26_McKenzie, Baker & McKenzie is the second-largest international law firm in the world.